**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2516
_____

ROBERT HANKINS,
Appellant

v.

COMMONWEALTH OF PENNSYLVANIA; GLORIA POINDEXTER; SECRETARY
OF PENNSYLVANIA DEPARTMENT OF CORRECTIONS; CINDY G. WATSON,
CHIEF GRIEVANCE OFFICER; MARGARET M. GORDON, CLINICAL
DIETICIAN; JOHN S. SHAFFER, RIGHT TO KNOW OFFICIAL;
E.P. BUSH, ACTING DEPUTY FOR CENTRALIZED SERVICES; NELSON
ZULLINGER, RIGHT TO KNOW OFFICER; JOSEPH D., HEARING EXAMINER
(JOHN DOE #1); E.M. WEAVER, HEARING EXAMINER;
TIMOTHY J. MARK, CHIEF HEARING EXAMINER; L.S. KERNS-BARR,
HEARING EXAMINER; Z. MOSLAK, HEARING EXAMINER;
KERRI CROSS, HEARING EXAMINER; JOHN ANDRADE, HEARING EXAMINER;
YATES, CHIEF GRIEVANCE OFFICIAL; KRISTEN P. REISINGER, CHIEF
GRIEVANCE OFFICIAL; RAYMOND SOBINA, FORMER SUPERINTENDENT AT
FOREST; MICHAEL BARONE, DEPUTY; L.H. HEASTER, DEPUTY;
KEVIN DITTMAN, FOOD SERVICES MANAGER; EDWARD HEBERLING, FOOD
SERVICES MANAGER 2; DONALD SKUNDA, CCHP; CAROL KENNEDY,
GRIEVANCE COORDINATOR; KURT GRANDLUND, DEPUTY; JOLENE B.,
R.D.H.;CFMM-111; MCKNIGHT, SERGEANT; WHITEHEAD, CORRECTIONS
OFFICER; S.S. BEST, CORRECTIONS OFFICER; JOAN DELIE, CHCA;
GLORIA PINDEXTER, HEALTH SERVICES MED. DIRECTOR; RHONDA
SHERBINE; GARY BROWNFIELD, JR., COURT OFFICERS (FYT. CO.)
GEORGE BARKER, COURT OFFICER; ED DENKER, COURT OFFICER; MARK
MATTHEWS, COURT OFFICER; MIKE ZAVADA (LT. SALVODA); CHAPMAN
(LT. CHAPLYN); WARDEN MEDLOCK; C. CROFTCHECK, ASSISTANT
WARDEN; TIMMIE BURNSWORTH, NURSE; JAMEE WALIGURA, COUNSELOR;
MAYOR JAMES R. SILEO; THOMAS W. SHAFFER, ESQ.; JEFFREY W.
WHITEKO; MICHAEL J. GAROFALO, ESQ.,; MICHELLE KELLEY, ESQ., (ASSIST
DIST. ATTY.); EUGENE GRIMM, ESQ., (ASSIST DIST. ATTY.); DEB WOODARD,
COMMISSARY SUPERVISOR; MILLER, (CORRECTIONS OFFICER); S.
SATTERLEE, COUNSELOR; HUAPT (UNIT MANAGER); LT. YOUNKIN

(LIEUTENANT); GREGORY PACKING, INC.; P. MCKISSOCK (HEARING
EXAMINER); JUDGE STEVEN P. LESKINEN; EDWARD FIKE;
TOM CORBETT (FOR THE COMMONWEALTH)

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1:09-cv-00182)
District Judge:  Honorable Sean J. McLaughlin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 7, 2013

Before: FUENTES, VANASKIE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: May 15, 2013)
_____

OPINION
_____

PER CURIAM

Robert Hankins, proceeding pro se and in forma pauperis, appeals a judgment in

favor of the defendants.  We will affirm.

Hankins, a Pennsylvania prisoner currently incarcerated at SCI Rockview, filed

this civil-rights suit in 2009.  The lengthy complaint, which named a multitude of

defendants, addressed a number of incidents surrounding his 2008 trial to his time in

custody at SCI Forest and the Fayette County Prison.

Most of Hankins's claims were resolved before trial; he prevailed on none.  The

District Court granted, in part, the various defendants' motions to dismiss,[1] and also

_____

[1] See Hankins v. Beard, No. 09–182, 2010 WL 3522095 (W.D. Pa. July 29, 2010), report
and recommendation adopted in part by 2010 WL 3522094 (W.D. Pa. Sept. 7, 2010).

2

dismissed several defendants because Hankins failed to serve them with process.[2]

Following discovery, the District Court granted portions of the remaining defendants'

summary judgment motions, leaving only 1) excessive force claims related to an incident

in which defendants Barker and Brownfield discharged a stun belt and 2) various

retaliation claims against defendant McKnight.[3]  Barker and Brownfield entered into a

settlement with Hankins and were dismissed from the case, while a jury entered a verdict

in McKnight's favor after trial.  Hankins filed a timely notice of appeal directly from the

District Court's entry of judgment, attacking both the orders rejecting his claims as well

as the orders that denied him the services of counsel, declined to re-open discovery, and

rejected his request to take "judicial notice as to the code of silence in the [Pennsylvania]

prison system." Notice of Appeal, ECF No. 247.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  "[W]e are free to affirm a

result reached by the district court for any reason supported by the record." Alexander

Hamilton Life Ins. Co. v. Gov't of V.I., 757 F.2d 534, 547–48 (3d Cir. 1985).

Exercising plenary review, see Santomenno ex rel. John Hancock Trust v. John

Hancock Life Ins. Co. (U.S.A.), 677 F.3d 178, 182 (3d Cir. 2012), we agree with the

District Court that partial dismissal was proper, for substantially the same reasons

discussed in the report and recommendation and order.  For instance, some defendants

---

[2] See ECF Nos. 135 (report and recommendation), 138 (order).

[3] See Hankins v. Pennsylvania, No. 09-182, 2011 WL 6739289 (W.D. Pa. Nov. 30, 2011), report and recommendation adopted in part by 2011 WL 6739288 (W.D. Pa. Dec. 22, 2011).

3

were not identified as having the requisite personal involvement in the complained-of conduct, see Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); others were outside of § 1983's reach.  See Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981); see also Black v. Bayer, 672 F.2d 309, 311 (3d Cir. 1982).  Several claims clearly fell short of the standard required to survive a motion to dismiss; for example, although Hankins discussed difficulties relating to the law library at the Fayette County prison, he did not properly state an access-to-the-courts claim.  See Monroe v. Beard, 536 F.3d 198, 205–06 (3d Cir. 2008) (setting forth the elements of such a claim). Furthermore, claims against the Commonwealth defendants in their official capacities were barred by Eleventh Amendment immunity.  See Capogrosso v. Sup. Ct. of N.J., 588 F.3d 180, 185 (3d Cir. 2009) (per curiam).  Further amendment of the complaint would not have yielded a different outcome.  See Lazaridis v. Wehmer, 591 F.3d 666, 672 (3d Cir. 2010).[4]

---

[4] In analyzing Hankins's lengthy complaint, the District Court discerned twenty-two separate claims, an accounting to which all parties acceded in number and substance.  See Hankins, 2010 WL 3522095, at *3–4.  In our own de novo, liberal analysis of Hankins's complaint, see Henderson v. Fisher, 631 F.2d 1115, 1117 (3d Cir. 1980), we detected two additional claims.  Hankins maintained that his meal regimen led to his not being "treated like similar[l]y situated prisoners," which we read to invoke the Fourteenth Amendment's Equal Protection Clause.  See Startzell v. City of Phila., 533 F.3d 183, 203 (3d Cir. 2008).  Despite invoking the Clause, however, Hankins failed to plead facts sufficient to survive dismissal, or to otherwise develop his claim; nor did he show that he constituted a "class of one," to the extent that such a theory would be appropriate in this context.  See Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).  Second, assuming that Hankins attempted to raise a claim under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc *et. seq.*, such a claim could not be maintained against the Commonwealth because he did not ask for injunctive relief in connection with his religion-based complaints, see Sossamon v. Texas, 131 S. Ct. 1651, 1663 (2011), and also could not be lodged against the defendants in their individual capacities, see Sharp v. Johnson, 669 F.3d 144, 154 (3d Cir. 2012).

After ruling on the defendants' motions to dismiss, but before reaching their motions for summary judgment, the District Court dismissed several defendants because Hankins had not properly served them. While an "indigent prisoner representing himself is entitled to rely on the Marshal to achieve service of process," Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990), we have emphasized that a prisoner must still assist the Marshals Service when he is informed of service problems. Young v. Quinlan, 960 F.2d 351, 359 (3d Cir. 1992), superseded by statute on other grounds as stated in Nyhuis v. Reno, 204 F.3d 65, 71 n.7 (3d Cir. 2000). As Hankins failed to rectify the service problems despite being granted additional time to do so, and in light of the District Court's analysis of the relevant factors from Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir.1984), we conclude that the Court did not abuse its discretion by dismissing the un-served defendants from the suit. See Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 260 n.1 (3d Cir. 2011).[5]

We review the District Court order granting summary judgment de novo, and apply the same standard it used. Powell v. Symons, 680 F.3d 301, 306 (3d Cir. 2012). For substantially the same reasons cited in the District Court's opinion, we agree that the defendants met their burden under Fed. R. Civ. P. 56(a) and that Hankins failed, with the two exceptions identified by the District Court, to "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file,

---

[5] And, in any event, we fail to see how those three defendants could have been personally involved in any constitutional violation. Moreover, nothing alleged in the amended

designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v.

Catrett, 477 U.S. 317, 324 (1986) (citation and quotation marks omitted). For instance,

Hankins did not show that his placement in disciplinary housing implicated due process,

Sandin v. Conner, 515 U.S. 472, 484 (1995); that he was "incarcerated under conditions

posing a substantial risk of serious harm," Farmer v. Brennan, 511 U.S. 825, 834 (1994);

or that prison officials demonstrated a "deliberate indifference" to his health or safety, id.

at 840. His food claims did not rise to the level of an Eighth Amendment violation. See

LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993); Hamm v. De Kalb Cnty., 774

F.2d 1567, 1575 (11th Cir. 1985) ("The fact that [prison] food occasionally contains

foreign objects or sometimes is served cold, while unpleasant, does not amount to a

constitutional deprivation.").[6] In sum, no reasonable jury could return a verdict in

Hankins's favor on the bulk of the remaining claims. Knopick v. Connelly, 639 F.3d

600, 606 (3d Cir. 2011).

    After a jury trial, judgment was entered in favor of defendant McKnight on all

counts. Hankins filed no post-trial motions, and instead directly appealed the District

Court's entry of judgment. We conclude that the District Court did not abuse its

discretion in limiting further discovery and in making its pretrial evidentiary rulings. See

Johnson v. Elk Lake Sch. Dist., 283 F.3d 138, 156 (3d Cir. 2002); see also R.R.

Dynamics, Inc. v. A. Stucki Co., 727 F.2d 1506, 1511 (Fed. Cir. 1984) ("Where no post-

---

complaint would appear to abrogate the judicial defendant's absolute immunity. See
Capogrosso, 588 F.3d at 184.

trial motions . . . were filed, and the appeal is directly from the judgment entered on the jury's verdict, review for sufficiency of evidence is extremely limited or non-existent, prejudicial legal error must be shown to have occurred in the conduct of the trial, and the action of an appellate court is limited to affirmance or remand for new trial."). Hankins has not otherwise indicated a reason to disturb the judgment in favor of McKnight.

For the foregoing reasons, the District Court correctly resolved Hankins's claims and did not abuse its discretion by allowing Hankins to proceed without appointing counsel. Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011). We will affirm its judgment in favor of the defendants. Appellee Brownfield's motion to supplement the appendix is granted, but to the extent that any of Hankins's additional filings before this Court request independent relief, they are denied.

---

[6] Furthermore, Hankins's food-related complaints were taken seriously, at least in part. See Pl.'s Ex. 8, ECF No. 168-2 (revealing that bad apple juice was detected and discarded).